UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE WALTON, | Case No. EDCV 08-1527-GAF (OP) |
| Petitioner, | ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |
| v. | |
| KEN CLARK, WARDEN, | |
| Respondent. | |

**I.**

**INTRODUCTION**

On October 26, 2008, D'Andre Walton ("Petitioner"), constructively filed the current Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Unless otherwise noted, the Court has utilized the signature date on the current Petition and the state habeas petitions as the relevant filing dates, since the signature date is the

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to summary dismissal because the information provided indicates that the Petition is untimely.

## II.

## **PROCEDURAL HISTORY**

According to the Petition, on January 14, 2003, Petitioner was convicted after a jury trial in the San Bernardino County Superior Court, case no. FSB027043, of murder, intentionally discharging a firearm causing great bodily injury or death. Also found true were sentencing enhancements for use of a firearm and having sustained a prior conviction. (Pet. at 3.) On August 22, 2003, Petitioner was sentenced to a total state prison term of eighty years to life. (Id.)

Petitioner appealed to the California Court of Appeal. On September 15, 2004, the court of appeal affirmed the conviction. (Id.) Petitioner then filed a petition for review in the California Supreme Court. On December 1, 2004, the state supreme court denied the petition. (Id. at 4; Official Records of California Courts.[2])

On an unknown date, Petitioner filed a habeas corpus petition in the San Bernardino County Superior Court. On April 27, 2005, the superior court denied the petition. (Id. at 4, 5.)

---

earliest date on which Petitioner could have turned the petitions over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

1　　　　　On May 17, 2005, Petitioner filed a habeas corpus petition in the California
2  Court of Appeal. On May 24, 2005, the court of appeal denied the petition. (Id.
3  at 5; Official Records of California Courts.)
4　　　　　On October 13, 2005, Petitioner filed a habeas corpus petition in the
5  California Supreme Court. On August 2, 2006, the state supreme court denied the
6  petition. (Id.; Official Records of California Courts.)
7　　　　　On October 26, 2008, Petitioner constructively filed the current Petition.
8  For the reasons discussed below, Petitioner is ordered to show cause why the
9  current Petition should not be dismissed with prejudice as untimely.

10　　　　　　　　　　　　　　　　**III.**
11　　　　　　　　　　　　　　**DISCUSSION**
12　**A.**　　**Standard of Review.**
13　　　　　This Court may entertain a habeas application on behalf of a person who is
14  in custody pursuant to a state court judgment and in violation of the Constitution,
15  laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need
16  neither grant the writ nor order a return if it appears from the application that the
17  applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears
18  from the face of the petition and any exhibits annexed to it that the petitioner is
19  not entitled to relief in the district court, the judge must dismiss the petition and
20  direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section
21  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also
22  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is
23  appropriate where the allegations in the petition are vague or conclusory, palpably
24  incredible, or patently frivolous or false). Further, the Court has the authority to
25  raise the statute of limitations issue *sua sponte* and to dismiss the petition on
26  those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
27  However, that authority should only be exercised after a petitioner is provided
28

1 with adequate notice and an opportunity to respond. Id.

2 **B.      The Petition Was Not Filed Within the Limitation Period.**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As set forth above, on August 23, 2008, Petitioner was sentenced to a total state prison term of eighty years to life. He appealed to the California Court of Appeal and filed a petition for review in the California Supreme Court. On December 1, 2004, the state supreme court denied the petition for review. Petitioner did not seek review with the United States Supreme Court. As a result, for purposes of the AEDPA's limitation period, Petitioner's judgment of conviction became final ninety days later, on March 1, 2005. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court). Petitioner's limitation period expired one year later, on March 1, 2006. Petitioner did not constructively file the current Petition until October 26, 2008, over two and one half years after the limitation period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

4

**C.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[4]

As set forth above, Petitioner's conviction became final on March 1, 2005,

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

1  and his limitation period expired on March 1, 2006.  Petitioner's first state habeas
2  petition in the San Bernardino County Superior Court was denied on April 27,
3  2005.  Although the Court is uncertain as to the date the petition was
4  constructively filed, the Court will give Petitioner the benefit of the doubt and
5  consider the constructive filing to have occurred on March 1, 2005.  Petitioner is
6  entitled to statutory tolling for the period during which this petition was pending
7  pursuant to 28 U.S.C. § 2244(d)(2).

8       On May 17, 2005, Petitioner filed a habeas corpus petition in the California
9  Court of Appeal which was denied on May 24, 2005.  Petitioner is entitled to
10 statutory tolling for the period during which this petition was pending pursuant to
11 28 U.S.C. § 2244(d)(2).  Petitioner is also entitled to gap tolling, as the Court
12 finds that the delay in between filing was reasonable and that he was filing the
13 habeas petition at the next level of the state court system.  Evans, 546 U.S. at 197-
14 98; Carey, 536 U.S. at 219-21.

15      On October 13, 2005, Petitioner filed a habeas corpus petition in the
16 California Supreme Court which was denied on August 2, 2006.  Petitioner is
17 entitled to statutory tolling for the period during which this petition was pending
18 pursuant to 28 U.S.C. § 2244(d)(2).  Petitioner is also entitled to gap tolling, as
19 the Court finds that the delay in between filing was reasonable and that he was
20 filing the habeas petition at the next level of the state court system.  Evans, 546
21 U.S. at 197-98; Carey, 536 U.S. at 219-21.

22      Giving Petitioner the benefit of the doubt as to the filing of his first state
23 habeas petition and statutory tolling through August 2, 2006, the limitation period
24 nevertheless expired one year later, on August 2, 2007.  Petitioner did not
25 constructively file the current Petition until October 26, 2008, 451 days beyond
26 the limitation period.  Thus, absent equitable tolling or an alternate start date for
27 the statute of limitations, it appears that the current Petition is untimely.
28

6

### D. Equitable Tolling

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.[5] A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). The face of the Petition does not set forth any facts showing that Petitioner is entitled to equitable tolling. Thus, as set forth above, it appears that the current Petition is untimely.

### E. Alternate Start of the Statute of Limitations

#### 1. State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by

---

[5] The Supreme Court in Pace noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace, 544 U.S. at 418 n.8. The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard. Id.

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## IV.
## ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition

1  (showing that it was filed) and copies of the state court's decision addressing each
2  petition. All facts relied upon by Petitioner must be proved by testimony
3  contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. §
4  1746, or in properly authenticated documents. Petitioner must describe
5  specifically the nature and duration of any extraordinary circumstances and their
6  consequences in a declaration signed by him under penalty of perjury. Petitioner
7  shall also include with his response properly authenticated prison records or
8  documents which demonstrate any circumstance which Petitioner believes
9  impeded his ability to timely file the current Petition.

10      Failure to comply with these requirements may result in the dismissal of
11  this action for failure to prosecute and/or failure to comply with a court order.
12  Failure to remedy the deficiencies discussed may also result in a recommendation
13  that the action be dismissed.

15  **IT IS SO ORDERED.**

17  DATED: November 17, 2008

        HONORABLE OSWALD PARADA
        United States Magistrate Judge